| | |
|---|---|
| 1 | PROBER & RAPHAEL, A LAW CORPORATION |
| | DEAN R. PROBER, ESQUIRE, #106207 |
| 2 | LEE S. RAPHAEL, ESQUIRE #180030 |
| 3 | CASSANDRA J. RICHEY, ESQUIRE #155721 |
| | MELISSA VERMILLION, ESQUIRE #241354 |
| 4 | BONNI S. MANTOVANI, ESQUIRE #106353 |
| | ANNA LANDA, ESQUIRE #276607 |
| 5 | HALIE L. LEONARD, ESQUIRE #265111 |
| 6 | SAMYEL GESHGIAN, ESQUIRE #300470 |
| | 20750 Ventura Boulevard, Suite 100 |
| 7 | Woodland Hills, California 91364 |
| | (818) 227-0100 (818) 227-0101 facsimile |
| 8 | cmartin@pralc.com |
| | H.069-473A.NF |
| 9 | Attorneys for Objecting Secured Creditor Roy Al Finance Company |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bk. No. 1:15-bk-13326-MB |
| | ) | Chapter 13 |
| Rita Kahlenberg, | ) | |
| Debtor. | ) | OBJECTIONS TO PROPOSED |
| | ) | CHAPTER 13 PLAN AND |
| | ) | CONFIRMATION THEREOF; |
| | ) | DECLARATION IN SUPPORT; |
| | ) | REQUEST FOR DISMISSAL WITH 180 |
| | ) | DAY BAR TO REFILING DUE TO |
| | ) | MULTIPLE CASES FILED |
| | ) | |
| | ) | 341A Hearing - |
| | ) |  Date : November 18, 2015 |
| | ) |  Time : 11:00 AM |
| | ) |  Place: U.S. Bankruptcy Court |
| | ) |        21401 Burbank Blvd. Room 100 |
| | ) |        Woodland Hills, CA |
| | ) | |
| | ) | |
| | ) | Confirmation Hearing: |
| | ) | Date : December 10, 2015 |
| | ) | Time : 10:00 AM |
| | ) | Place: U.S. Bankruptcy Court |
| | ) |      21041 Burbank Blvd. |
| | | Woodland Hills, CA |
| | | Courtroom 303 |

1

Roy Al Finance Company, its assignees and/or successors in interest ("Secured Creditor") is the holder of a promissory note and a junior deed of trust against real property located at **7222-7230 Varna Avenue, North Hollywood, CA 91605** ("Subject Property"), and hereby submits the following objections to the confirmation of the Chapter 13 Plan ("Plan") proposed by Debtors:

LACK OF ADEQUATE FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Secured Creditor. The Proof of Claim in the process to be filed by this creditor is anticipated to establish prepetition arrearages in the approximate amount of $32,327.82, not $0.00 as provided for in the Plan. The actual arrearage amount will be disclosed in a timely filed Proof of Claim. In fact, the Plan fails to provide for payment of Secured Creditor's junior lien arrears though possibly providing for ongoing payments. (The Debtor's loan number identifiers are similar but do not match). Thus, the Plan does not provide adequate protection of Secured Creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325(a)(6).

Objecting Secured Creditor also holds the senior lien for the 7222-7230 Varna Ave., North Hollywood CA 91605 property which is cross-collateralized by the Debtor's residence at 12760 Kahlenberg Lane, North Hollywood, CA 91607.

FAILURE OF PLAN TO PROVIDE FOR THE MAINTENANCE OF POST-PETITION PAYMENTS

The Debtor's proposed Chapter 13 Plan fails to state the amount of intended post-petition payments intended to be paid Objecting Secured Creditor in any amount. Debtor is required to maintain ongoing post-petition monthly payments as required by 11 U.S.C. Section 1322(b)(5) and the Bankruptcy Appellate Panel for the Ninth Circuit. In Re Gavia, 24 B.R. 573

(9th Cir. BAP 1982). The Debtor states an intent to make payments direct to Homeplus (servicing agent on behalf of Roy Al Finance Company) but fails to identify the amount of payments to be made or correctly identify the account numbers.

### SUCCESSIVE FILINGS/ FEASIBILITY

The Debtor has filed multiple Bankruptcy cases individually and jointly with spouse Sherwood Kahlenberg. The Debtor has made no provision for payment for the real property located at 7222-7230 Varna Ave, North Hollywood, CA 91605. The Debtor lists payments direct to Homeplus but uses account numbers that do not match, as the pre-petition arrears are large, Secured Creditor objects to plan terms that are vague. It does not appear that Debtor has sufficient funds to cure arrears on the Varna property.

### BAD FAITH

The Debtor(s) has/have the burden of establishing that the Plan has been filed in good faith pursuant to 11 U.S.C.§ 1325(a)(3); In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988) and the Court has an independent duty to make a "considered assessment" of the Debtors' good faith. Warren 89 B.R. at 90.

The "good faith" factors to be reviewed in making a determination under Section 1325(a)(3) are the same as those used in making an analysis under Section 1307(c) to determine facts sufficient to dismiss a case where the basis is lack of good faith in the filing of the petition. In re Eisen, 14 F.3rd., 469, (9th Cir. 1994).

For the Court to find that the Plan is proposed in good faith, the court must determine whether "the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13", see In re Estus, 695 F. 2d., 311, 316 (8th Cir. 1982) cited with approval in Warren.

The Pro Se Debtor and her spouse Sherwood Kahlenberg have each filed a prior Chapter 13 case within one year of the current Chapter 13 bankruptcy petition, case no. 1:15-bk-13326-MB (within case); 1:15-bk-12634-VK, filed August 5, 2015, dismissed August 17, 2015 (Sherwood Kahlenberg case, filed with counsel); 1:14-bk-14506-VK filed October 1, 2014; dismissed January 15, 2015 (joint case with Debtor and spouse filed with counsel)

## FAILURE TO PROVIDE FOR ADEQUATE PROTECTION PAYMENTS

## AS REQUIRED BY 1326(a)(1)

Debtor's Chapter 13 Plan fails to provide for pre-confirmation adequate protection payments as mandated by 11 U.S.C. § 1326(a)(1).

## CONCLUSION

The Plan or any amended Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this Secured Creditor. It is respectfully requested that confirmation of the Plan as proposed by Debtor, be denied and the case dismissed with 180 day bar to refiling as this is the third Debtor or joint Debtor case filed within one year.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the Plan be denied.

(2) For dismissal of the Chapter 13 proceeding with 180 day bar to refiling.

(3) For such other relief as this Court deems proper.

Dated: November 11, 2015                                    Prober & Raphael, A Law Corporation

                                                            By /s/ Cassandra J. Richey
                                                            CASSANDRA J. RICHEY
                                                            Attorneys for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____11/10/2015_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Elizabeth (SV) F Rojas (TR)** cacb_ecf_sv@ch13wla.com
**United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
**Kristin A Zilberstein** bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com; kzilberstein@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 11/11/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/11/2015 | Jared Sumaya | /s/ Jared Sumaya |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2: SERVED BY U.S. MAIL**

Honorable Martin R. Barash
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367
JUDGE'S COPY

Rita Kahlenberg
12760 Kahlenberg Lane
Valley Village, CA 91607
Pro Se Debtor

Elizabeth F Rojas
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
Chapter 13 Trustee

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**